WILLIAM C. HEATON et al., Doing Business under the Firm Name of W. C. HEATON AND COMPANY, Respondents, v. CITY OF COHOES, Appellant.

(Argued December 6, 1935; decided March 3, 1936.)

*John A. Brady, Corporation Counsel,* for appellant. The Mayor of the city of Cohoes had no power or authority to enter into the alleged contract with plaintiffs for and on behalf of the city of Cohoes as set forth in the complaint. (L. 1915, ch. 130, §§ 31, 99, 110, 115, 187; *Lord* v. *City of New York,* 171 App. Div. 140; 221 N. Y. 663; *Wakefield* v. *Gaynor,* 67 Misc. Rep. 298; 144 App. Div. 905; 207 N. Y. 772; *Dickinson* v. *City of Poughkeepsie,* 75 N. Y. 65; *McDonald* v. *Mayor,* 68 N. Y. 23; *People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 634; *Village of Fort Edward* v. *Fish,* 156 N. Y. 363; *Schneider* v. *City of Rochester,* 160 N. Y. 165; *Matter of Village of Kenmore,* 59 Misc. Rep. 396; *Parr* v. *Village of Greenbush,* 72 N. Y. 463; *Brady* v. *City of New York,* 20 N. Y. 312; *Whiteside* v. *United States,* 93 U. S. 247; *Hawkins* v. *United States,* 96 U. S. 689; *Matter of Niland* v. *Bowron,* 113 App. Div. 661; 193 N. Y. 180; *Salmon* v. *Rochester & Lake Ontario Water Co.,* 120 Misc. Rep. 131; *Matter of City of New York [Piers Old Nos. 8–11],* 228 N. Y. 140; *Wallace* v. *San Jose,* 29 Cal. 180; *Mark* v. *Village of West Troy,* 23 N. Y. Supp. 422;; *O'Connor* v. *Walsh,* 83 App. Div. 179; *Lyddy* v. *Long Island City,* 104 N. Y. 218; *Graham* v. *City of New York,* 33 Misc. Rep. 56.) The Mayor under section 55 of the charter of the city of Cohoes is authorized and empowered solely to appoint one or more competent persons to examine, without notice, the accounts of any city officer or department and the money, securities and property belonging to the city in the possession or charge of any officer or department and to report the result of any examination. (*Carney* v. *New York Life Ins. Co.,* 19 App. Div. 160; *Crofut* v. *Brandt,* 58 N. Y. 106; *Matter of Cassidy* v. *Devoy,* 164 App. Div. 897; *Gibson* v. *Roach,* 2 App. Div. 86; *Haswell* v. *Mayor,* 81 N. Y. 255; *Wittmer* v. *City of New York,* 50 App. Div. 482; *O'Connor* v. *City of New York,* 95 N. Y. Supp. 504.)

*Kenneth S. MacAffer* and *A. Kendall Roberts* for respondents. Section 55 of the Cohoes charter (L. 1915,

ch. 130) authorized employment of respondents. (*Poillon* v. *City of Brooklyn,* 101 N. Y. 132; *O'Brien* v. *City of Niagara Falls,* 65 Misc. Rep. 92; *Peterson* v. *Mayor,* 17 N. Y. 449; *Cain* v. *Warner,* 45 App. Div. 450.) The provisions of sections 31, 99, 110, 115 and 187 of the charter do not apply. (*City of Brooklyn* v. *Furey,* 9 Misc. Rep. 193; *Snyder* v. *Hylan,* 105 Misc. Rep. 78; 188 App. Div. 995; *Harlem Gaslight Co.* v. *City of New York,* 33 N. Y. 309; *People ex rel. Smith* v. *Flagg,* 17 N. Y. 584; *O'Brien* v. *City of Niagara Falls,* 65 Misc. Rep. 92; *North River Electric Co.* v. *City of New York,* 48 App. Div. 14; *Mosher* v. *City of Elmira,* 83 Misc. Rep. 328; *Vermeule* v. *City of Corning,* 186 App. Div. 206; *Moore* v. *Mayor,* 73 N. Y. 238.)

CROUCH, J. Plaintiffs, certified accountants, sued to recover the contract price of professional services rendered to the defendant city under employment by the Mayor. Judgment was entered upon the verdict of a jury for $4,000 and interest and affirmed by the Appellate Division.

The essential facts found by the jury were that on October 2, 1929, the plaintiffs and the Mayor, acting for the defendant city, entered into a contract whereby the plaintiffs were authorized, (1) to examine the books and papers of the office of the Comptroller of the city of Cohoes, with a view to a thorough investigation and examination of the finances of the city of Cohoes and all its fiscal affairs; (2) to examine into the books and papers of all other departments of the city of Cohoes in any way relating to its financial condition or management; (3) to make recommendations as to the installation of a better system of accountancy and financial management; (4) to report as to each of said matters; that plaintiffs substantially performed the contract on their part; that the contract price was $4,000, and that the city had refused to pay.

If the Mayor in making the contract with plaintiffs acted within the scope of the authority granted to the

Mayor by the charter of the city of Cohoes (Laws of 1915, ch. 130), the judgment may be affirmed, otherwise not. The charter contains various provisions carefully limiting the power of city officers, boards and departments to contract debts on behalf of the city, and it is broadly provided (§ 115) that no person shall have power to contract any debt for which the city shall be liable unless specifically authorized by the provisions of the charter. The manner in which the power to contract debts shall be exercised and evidenced is also prescribed by various provisions. In particular the city points to section 110, which relates to the functions of the Board of Contract and Supply and provides, among other things, that it shall be the duty of such board after public notice, to let to the lowest bidder all contracts for the performance of any work for the use of any officer, board or department of the city in all cases where the expenses of such work shall exceed the sum of two hundred and fifty dollars, unless by ordinance of the Common Council unanimously adopted and unanimously approved by the Board of Estimate and Apportionment, it is determined to be impracticable to procure such work by contract, in which case said ordinance shall designate the officer, board or department to procure such work. Attention is also called to section 99, which provides that no officer, board or department shall incur any liability upon or by virtue of an open market order until an order in writing, made in triplicate, is submitted to the Comptroller, and he shall have certified thereon that unexpended funds, appropriated for that purpose, are available to meet a claim therefor if incurred.

It may be conceded that the contract in suit was not made in compliance with any of these various provisions. Because of such failure the defendant contends that the contract is unenforceable. Plaintiffs rest their entire case on section 55 of the city charter which reads as follows:

" § 55. Examination of books and accounts. The mayor shall have authority at all times to examine the books and papers of any officer, employee or department of the city and, as often as he may deem proper, to appoint one or more competent persons to examine, without notice, the accounts of any city officer or department, and the money, securities and property belonging to the city in the possession or charge of any officer or department and to report the result of such examination; and he may administer oaths to witnesses and take affidavits in all cases relating to the affairs of the city and its officers and employees, and he may issue a subpœna commanding a person to appear and produce books and papers in his possession."

If under that section the Mayor was authorized to employ the plaintiffs for the purposes specified in the contract, he was authorized to do so without compliance with the general provisions relating to the ordinary contracts for work and material and, in the absence of fraud or utter abuse of discretion, his judgment as to the need of investigation or the expense thereof is a political and not a legal question. Any other construction would frustrate the essential purpose underlying that section. We are left then with the single question of whether the Mayor had authority to employ the plaintiffs to render their services for the purposes specified in the contract. We agree with the Appellate Division that the Legislature by section 55 intended to confer upon the Mayor the right to make summary investigations of the accounts, moneys, securities and property belonging to the city, whenever, in his judgment, there was reason to think there was or might have been unfaithfulness, intentional or otherwise, on the part of those persons charged with duties in relation thereto. " Should officers become dishonest or corrupt, the power to investigate summarily is indispensable to the honest administration of municipal government." (*Heaton* v. *City of Cohoes*, 244 App. Div. 19, 23.) So, also,

when they become negligent or slipshod. Section 53 places upon the Mayor the duty " to see that the city officers and departments faithfully perform their duties." It seems clear enough that the power summarily to examine and to investigate is given to enable him to fulfill that duty. Beyond that it does not go.

But the plaintiffs were employed for no such purpose. They make no such claim. They say they were employed to examine the accounts " for the purpose of determining the financial position of the city of Cohoes, in particular reference to the constitutional debt limit; " and to give " substantial advice on finances," presumably with reference to the " better system of accountancy and financial management," referred to in the contract. The written claim filed by them and approved by the Mayor so states. We find nothing in the language of section 55 to indicate that the Mayor may employ accountants for such purposes. There is nothing to prevent the Legislature from authorizing a municipality to employ a public accountant to examine its books for the purposes mentioned.in plaintiffs' contract and in plaintiffs' claim. (*Gaynor* v. *Village of Port Chester*, 230 N. Y. 210, 220.) If the Legislature has conferred such authority upon the city of Cohoes, it must be found in the general provisions relating to the power of contract. It was not, as we think, conferred upon the Mayor alone by the terms of section 55.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., concurs in result; HUBBS, J., dissents.

Judgments reversed, etc.